**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-51246
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS FIDENCIO VASQUEZ-VILLA, also known as Eligio Gomez-Ledesma, also known as Eligio Ledesma, also known as Jesus Vesques-Villa, also known as Jose Angel Yebrino

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-648-ALL

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jesus Fidencio Vasquez-Villa pleaded guilty to illegal reentry following deportation after conviction for an aggravated felony drug-trafficking offense, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court sentenced Vasquez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to 46 months in prison and three years of supervised release. Vasquez challenges only the supervised release term.

Vasquez claims the term is unreasonable because it exceeds that necessary to effectuate the sentencing goals as stated in 18 U.S.C. §§ 3553(a) and 3583(c), namely, rehabilitation, monitoring, and deterrence, because he will be deported to Mexico upon his release. Vasquez further contends the district court erred because it failed to consider his individual circumstances and state the reasons for imposing the three-year term.

Because Vasquez did not object to his term of supervised release, we review only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). Under that standard, even if Vasquez shows a clear or obvious error that affects his substantial rights, our court has the discretion to correct the plain error but, generally, will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *E.g., United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).

Vasquez pleaded guilty to a Class C felony, for which the supervised release term could not exceed three years; therefore, the imposed term fell within both the applicable statutory and guidelines' ranges. *See* § 1326(b)(2); 18 U.S.C. §§ 3559(a)(3), 3583(b)(2); U.S.S.G. §§ 5D1.1(a), 5D1.2(a)(2). Accordingly, the sentence is presumed to be reasonable, and we infer that the district court considered the relevant sentencing factors. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir.), *petition for cert. filed* (24 June 2009); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Although the district court was not required to provide a lengthy explanation for imposing the within-guidelines term, it was required to, and did in fact, both consider the § 3553(a) factors, including Vasquez' sentencing contentions, and formulate a reasoned basis for its decision. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

Along that line, the district court implicitly considered the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to deter future criminal conduct and protect the public. In that regard, the district court discussed: Vasquez' 2003 federal conviction for conspiracy to distribute and possess with intent to distribute marijuana; and his 2007 illegal reentry, which resulted in the conviction in the instant proceeding, including that Vasquez reentered during the term of supervised release imposed for his 2003 conviction, that term had not been revoked, and upon his reentry, Vasquez was arrested for possession of cocaine with intent to distribute more than 400 grams. The district court not only considered Vasquez' request for a sentence that would reflect the time he spent in state custody following his 2007 arrest, but also recommended that the Bureau of Prisons act in accordance with that request. Accordingly, although the district court did not explicitly state the reasons for the imposed three-year supervised-release term, the record reflects that the court formulated a reasoned basis for its decision. *See Rita*, 551 U.S. at 356.

AFFIRMED.